Fer Curiam.

The question presented is whether the Court of Appeals was correct in sustaining the demurrers. It appears from the petition that the Court of Common Pleas exercised jurisdiction in the first two actions to contest the will prior to the filing of the petition in the instant case; that relator, who would have been a proper party (Kennedy, Exr., v. Walcutt, 118 Ohio St., 442, 161 N. E. [2d], 336), was not made a party, nor did he attempt to be made a party to those contests, except that he did file motions therein to stay the entering of any judgments or to vacate judgments if entered. There is no allegation in the petition that any appeals were taken from the judgments or orders in those two contests. Relator’s contest involving the same document is still pending in the trial court.
Relator argues here that prohibition is a proper remedy *125 since the Common Pleas Court had no jurisdiction to render judgments in the first two contests. The only effect that judgments in those two contests could have adverse to relator would be if they were offered as a bar to his pending contest.
If, as relator argues, the Common Pleas Court had no jurisdiction in those two contests, its judgments therein would necessarily be void and could not bar his action. If the trial court should hold otherwise in his contest, he will then have an adequate remedy by way of appeal.
A writ of prohibition will ordinarily not be allowed where there is an adequate remedy in the ordinary course of the law and may not be employed as a substitute for appeal.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.